## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _4927 Wynnefield Avenue, Philadelphia, PA   19131_

Address of Defendant: _25 DuNorois, Lacolle, QC IJI IJO_

Place of Accident, Incident or Transaction: _Route 291 and Saville Avenue,   Chester, PA_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____ Attorney-at-Law   _____ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _6/16/17_   WILLIAM E. REMPHREY, JR.   _74349_
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

JUN 16 2017

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

RONALD EARP
                                 :                 CIVIL ACTION
                                             :
            v.                          :
MARIO VEREET AND COUP
BROTHER TRANSPORT                      :                NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

WILLIAM E. REMPHREY, JR.

_6/16/17_                                                       
**Date**                          **Attorney-at-law**               **Attorney for** Defendants
   215-922-1100           215-922-1772          wremphrey@margolisedelstein.com

**Telephone**                     **FAX Number**                   **E-Mail Address**

(Civ. 660) 10/02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

RONALD EARP

           v.

MARIO VEREET AND COUP
BROTHER TRANSPORT

          :
          :
          :
          :
          :

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

_6/16/17_            WILLIAM E. REMPHREY, JR.

**Date**
  215-922-1100           **Attorney-at-law**
           215-922-1772          **Attorney for** Defendants
                   wremphrey@margolisedelstein.com

**Telephone**            **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RONALD EARP

**DEFENDANTS**
MARIO VEREET AND COUP BROTHER' TRANSPORT

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Quebec,
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc Simon, Esquire, 1515 Market Street, 16th Floor, Philadelphia, PA 215-400-2252

Attorneys *(If Known)*
William E. Remphrey, Jr., Esquire, The Curtis Center, Suite 400E, 170 S. Independence Mall W. Philadelphia, PA 19106 - 215-922-1100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff
☐ 2   U.S. Government Defendant
☐ 3   Federal Question *(U.S. Government Not a Party)*
☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**　**PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  6/16/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANHIA

RONALD EARP
                              :       CIVIL ACTION
                              :       NO.

v.

                              :       (COURT OF COMMON PLEAS
MARIO VEREET AND COUP      :       DELAWARE COUNTY
BROTHER · TRANSPORT               NO. 2017-002517
                                   JURY TRIAL DEMAND

## NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF REMOVAL

**TO:**  Office of Judicial Support         Marc Simon, Esquire
       Delaware County Courthouse    Simon and Simon
       201 West Front Street           1515 Market Street, 16th Floor
       Media, PA 19063                 Philadelphia, PA   19102

      **PLEASE TAKE NOTICE** that on the 16th  day of June, 2017, , Defendants, Mario Vereet and Coup Brothers Transport, filed with the Office of the Clerk of the U.S. District Court for the Eastern District of Pennsylvania, a Notice of Removal.  A copy of the Notice is being filed with the Office of Judicial Support of the Court of Common Pleas of Delaware County, pursuant to 28 U.S.C. Section 1446 (d)

                              MARGOLIS EDELSTEIN

By:_____

                        WILLIAM E. REMPHREY, JR., ESQUIRE
                        Identification No. 74349
                        The Curtis Center, Suite 400E
                        170 S. Independence Mall W.
                        Philadelphia, PA  19106-3337
                        (215) 931-5878

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD EARP                                    : CIVIL ACTION

v.

MARIO VEREET AND COUP
BROTHER TRANSPORT              : NO.

                                               : (COURT OF COMMON PLEAS
                                                  DELAWARE COUNTY
                                                  NO. 2017-002517
                                                  JURY TRIAL DEMAND

**PETITION FOR REMOVAL**

Defendants, Mario Vereet and Coup Brother Transport hereby files this Notice

of Removal and avers the following:

1.     Plaintiff, Ronald Earp, commenced this action by the filing of a Civil

Action Complaint on or about March 13, 2017 in the Court of Common Pleas,

Delaware County captioned No. 2017-002517 ("underlying action").  A Praecipe to

Reinstate Complaint was filed on or about April 26, 2017.  A true and correct copy of

the Complaint is attached hereto as Exhibit "A".

2.     An Entry of Appearance on behalf of Defendants, Mario Vereet and

Coup Brother Transport was filed on June 8, 2017.  See Exhibit "B" attached hereto.

3.     Therefore, the Petitioner herein has filed a timely Notice of Removal

within thirty days of the date of service pursuant to 28 U.S.C. Section 1446(b)when

this action first became removable to Federal Court.

4.     Plaintiff is alleged to reside at 4927 Wynnefield Avenue, Apt 2A,

Philadelphia, PA 19131.

5.     Defendants, Mario Vereet and Coup Brothers Transport have an

address of 25 Du Norois, Lacolle, QC IJI 1JO.

6.      The basis of Petitioners Removal to this Honorable Court is diversity of citizenship for an amount in controversy, excluding interest and costs, in excess of $75,000.00.28 U. S. C. Section 1332 (a)(1).

7.      Upon information and belief, it is believed that plaintiff claims damages in excess of $75,000.00.

8.      Plaintiff resides in Pennsylvania and both defendants reside in Quebec.

9.      As such, under 28 U.S.C. Section 1332 (a), total diversity of citizenship exists.

10.     Given plaintiff's claims seeking an amount in controversy of greater than $75,000.00, this Honorable Court possesses jurisdiction over the present action.

11.     Copies of all pleadings and process which have been served in this action are attached hereto.  In averring so, Petitioner concedes neither the sufficiency of service of process nor otherwise waives any defenses, whether related to service of process or otherwise, and reserves all rights in that regard.  See Exhibit "A" and "B" .

12.     Pursuant to 28 U. S. C. Section 1446(d), a copy of this Notice of Removal is being filed with the Court of Common Pleas of Delaware County and is being served on all adverse parties.

WHEREFORE, Petitioners, Mario Vereet and Coup Brother Transport, respectfully request that this civil action be removed from the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District

of Pennsylvania.

Respectfully submitted,

MARGOLIS EDELSTEIN

BY: _____

WILLIAM E. REMPHREY, JR., ESQUIRE
Identification No. 74349
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106-3337
Attorney for Defendants

## CERTIFICATION OF SERVICE

I hereby certify that on the date shown below, a true and correct copy of the foregoing Notice of Removal and supporting documents was served via U.S. First Class Mail, postage prepaid upon the following:

Marc Simon, Esquire
Simon and Simon, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA   19102

MARGOLIS EDELSTEIN

BY: _____
WILLIAM E. REMPHREY, JR., ESQUIRE
Attorney for Defendants Mario Vereet and
Coup Brother Transport

June 16, 2017

# EXHIBIT "A"

U.S. Department of Justice
United States Marshals Service



# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

### DEMANDE
### AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER
### D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Marc I. Simon, PC<br>1515 Market Street, Suite 1600<br>Philadelphia, PA 19102<br><br>lauramorson@gosimon.com | MINISTÈRE DE LA JUSTICE DU QUÉBEC<br>Direction des services professionnels<br>Entraide internationale<br>1200, Route de l'Église, 2e étage<br>Québec (Québec)<br>G1V 4M1 |

**The undersigned applicant has the honour to transmit -- in duplicate-- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,**
**(identity and address)**
*Le requérant soussignée a l'honneur de faire parvenir--en double exemplaire-- à l'autorité destinataire les documents ci-dessous énumérés, en le priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir:*
*(identité et adresse)*

Coup Brother Transport     246-3778
25 Du Norois, Lacolle, QC J0J 1J01

[X] **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.\***
*a) selon les formes légales (article 5 alinéa premier, lettre a).*

[ ] **(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)\*:**
*b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

_____

[ ] **(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)\*:**
*c) le cas échéant, par remise simple (article 5, alinéa 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes with a certificate as provided on the reverse side.**
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

| List of documents<br>*Enumération des pièces* | |
|---|---|
| Civil Complaint | Done at May 4 , the 2017<br>*Fait à , le* |
| Request for Documents | |
| Request for Admissions | Signature and/or stamp<br>*Signature et/ou cachet* |
| Interrogatories | |

---

\*Delete if inappropriate
*Rayer les mentions inutiles.*

Form USM-94
Est. 11/77
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

## SUMMARY OF THE DOCUMENT TO BE SERVED
### ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

Marc I. Simon, PC 1515 Market St. Suite 1600, Philadelphia, PA 19102

**Particulars of the parties:**
*Identité des parties:*

Ronald Earp v. Mario Vereet , et al.

### JUDICIAL DOCUMENT
*ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Civil Complaint

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

Motor Vehicle Accident that occurred on December 12, 2016

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

Filed in Delaware County Court, March 13, 2017

**Court which has given judgment**:**
*Juridiction qui a rendu la décision:*

N/A

**Date of judgment**:**
*Date de la décision:*

N/A

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte:*

20 days stated

### EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

N/A

**Time limits stated in the document:****
*Indication des délais figurant dans l'acte:*

N/A



**SIMON & SIMON, PC**
—— INJURY LAWYERS ——

Marc I. Simon, Esquire*
Michelle Skalsky-Simon, Esquire (Retired)
Joshua A. Rosen, Esquire
Matthew J. Zamites, Esquire
Andrew Van Wagner, Esquire*
Brian F. George, Esquire^
Michael K. Simon, Esquire
Mary G. McCarthy, Esquire
Harry Gosnear, Esquire*
Joshua D. Baer, Esquire
James T. Stinsman, Esquire
Andrew Baron, Esquire
Raymond Tarnowski, Esquire

Please send all correspondence to:

1515 Market Street | Suite 1600
Philadelphia, PA 19102
Tel: (215) 467-4666 | Fax: (267) 639-9006

Bryan Arner, Esquire^
Alisha A. Nichols, Esquire*
Joseph L. Coleman, Esquire*
William M. Rhodes, Esquire*
Michael Schlagenhauf, Esquire*
Alexander C. Hyder, Esquire*
Jessalyn Gillum, Esquire
Ashley Oakey, Esquire
Tara Hansen, Esquire
Daria Koscielniak, Esquire*
Grady Lowman, Esquire*
Jason Whalley, Esquire^
Ryan Flaherty, Esquire
Fabianna Pergolizzi, Esquire

*Licensed to practice in Pennsylvania and New Jersey
+Licensed to practice in Pennsylvania and Massachusetts
^Licensed to practice in Pennsylvania, New Jersey, and New York

marcsimon@gosimon.com
www.gosimon.com

April 19, 2017

**Via Mail**
Mario Vereet
25 Du Norois
Lacolle, QC J0J 1J0

RE:  Lawsuit Filed Against You

Dear Sir/Madam:

Please find enclosed a Complaint and Discovery Requests. Please turn this matter over to your insurance carrier.

Very truly yours,

**SIMON & SIMON, PC**

MARC I. SIMON

Delaware County Courthouse
201 West Front Street
Media, PA 19063



Receipt Date :   4/26/2017

## Official Receipt

Receipt # :     221603

Receipt of :    MARC I SIMON ESQ

Address :       1515 MARKET STREET SUITE 1600
                PHILADELPHIA PA 19102

Cashier :   1000875

Register:  HallR

Remarks :

Payment Source :     Walk In

Account of :    RONALD  EARP

| COST | RECEIVABLE DESCRIPTION | AMOUNT |
|------|------------------------|--------|

Party Name : EARP, RONALD

Case Number : 2017-002517    Type: Motor Vehicle    RONALD EARP  vs. MARIO VEREET , COUP BROTHER TRANSPORT

Charge Number:

| ROC | Reinstate of a Complaint | $10.00 |
|-----|--------------------------|--------|

Sub Total : $ 10.00

Total : $10.00

Grand Total : $10.00

| Tender Type | Tender SubType | Check #/CC Auth # | Tender Amount |
|-------------|----------------|-------------------|---------------|
| Attorney/Firm Check | | 8713 | $10.00 |

Total Paid : $10.00

Amount Paid : $10.00

Over Payment : $0.00

Change Due : $0.00

## MEMORANDA

Balance After Payment:

| Case Number | Balance |
|-------------|---------|

Total Balance: $

Print Date :     4/26/2017 1:45:37 PM

**SIMON & SIMON, P.C.**
Marc I. Simon, Esquire
Michelle Skalsky-Simon, Esquire (Retired)
Joshua A. Rosen, Esquire
Matthew J. Zamites, Esquire
Andrew Van Wagner, Esquire
Brian F. George, Esquire
Andrew Baron, Esquire
Raymond Tarnowski, Esquire
Michael K. Simon, Esquire
Bryan Arner, Esquire
Alisha A. Nichols, Esquire
Mary G. McCarthy, Esquire
Michael Schlagnhaufer, Esquire

Alexander C. Hyder, Esquire
James T. Stinsman, Esquire
Harry Gosnear, Esquire
Joshua D. Baer, Esquire
William M. Rhodes, Esquire
Jessalyn Gillum, Esquire
Ashley Oakey, Esquire
Tara Hansen, Esquire
Grady Lowman, Esquire
Jason Whalley, Esquire
Ryan Flaherty, Esquire
Attorneys for Plaintiff(s)

Attorney I.D. No.
201798/308825/82140/309486//88182/310120/309259/9967/88130/320560/87459/318432/
320939/312191/93484/87476/314867/316608/209617/314456/307314/323113/208429/314
552

Market Street, Suite 1600
Philadelphia, PA 19102
(215) 476-4666

| | |
|---|---|
| Ronald Earp          : <br>          : <br>          : <br>         **Plaintiff**   : <br> vs.          : <br> Mario Vereet, et al.      : <br>          : <br>       **Defendant**   : | COURT OF COMMON PLEAS <br> DELAWARE COUNTY <br><br> No.: 2017-002517 |

**PRAECIPE TO REINSTATE COMPLAINT**

**TO THE PROTHONOTARY:**

     Kindly reinstate the Complaint which is attached hereto, in regard to the above-captioned matter.

                            Respectfully submitted,

By:            /s
                          Marc I. Simon, Esquire

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire
    Joshua A. Rosen, Esquire
    Matthew J. Zamites, Esquire
    Andrew J. Van Wagner, Esquire
    Brian F. George, Esquire
    Andrew Baron, Esquire
    Raymond Tarnowski, Esquire
    Grady Lowman, Esquire
    Ashley Oakey, Esquire
    Jason Whalley, Esquire
    Joshua Baer, Esquire
    Michael K. Simon, Esquire
Attorney ID No.'s:
*201798*

    Bryan Arner, Esquire
    Alisha A. Nichols, Esquire
    Mary O. McCarthy, Esquire
    Joseph L. Coleman, Esquire
    William Rhoades, Esquire
    Michael Schlagnhaufer, Esquire
    Alexander C. Hyder, Esquire
    James T. Stinsman, Esquire
    Daria Koscielniak, Esquire
    Harry Gosnear, Esquire
    Jessalyn Gillum, Esquire

*Attorneys for Plaintiff*

1515 Market Street, 16th Floor
Philadelphia, PA  19102
(215-400-2251)

Ronald Earp
4927 Wynnefield Avenue
Apt 2A
Philadelphia, PA 19131
        Plaintiff
    v.
Mario Vereet
25 Du Norois
Lacolle, QC J0J 1J0
          And
Coup Brother Transport
25 Du Norois
Lacolle, QC J0J 1J0
    Defendants

IN THE COURT OF COMMON PLEAS
DELAWARE COUNTY

February Term, 2017

No. 2017-002517

## NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**LAWYER REFERENCE AND INFORMATION SERVICE**
**Front and Lemon Streets**
**Media, PA 19063**
**215-566-6625**

2017-002517

## COMPLAINT

1.      Plaintiff, Ronald Earp, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Upon information and belief, Defendant, Mario Vereet, is a resident of the Province of Quebec, Canada, residing at the address listed in the caption of this Complaint.

3.      Defendant, Coup Brothers Transport, is a business entity registered to do business in the Province of Quebec, Canada, with a business address listed in the caption of this Complaint.

4.      Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5.      On or about December 12, 2016, at approximately 3:00 p.m., Plaintiff, was the operator of a motor vehicle, which was traveling at or near the intersection of Route 291 and Saville Avenue, in Chester, PA.

6.      At or about the same date and time, Defendant, Mario Vereet, was the operator of a motor vehicle, which was owned by Defendant, Coup Brother Transport, which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

7.      At about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

8.      At all times relevant hereto, upon information and belief, Defendant, Mario Vereet, was operating the aforementioned defendant, Coup Brother Transport's motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

9.      The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to cause a motor vehicle collision.

10.     As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

11.     As a result of the incident, Plaintiff suffered severe and permanent injuries as set forth more fully below.

### COUNT I
### Ronald Earp v. Mario Vereet
### Negligence

12.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

13.     The negligence and/or carelessness of Defendant, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consists of, but is not limited to:

   a.   Operating his vehicle into Plaintiff's lane of travel;

   b.   Failing to maintain proper distance between vehicles;

   c.   Operating said vehicle without regard for the rights or safety of Plaintiff or others;

   d.   Failing to have said vehicle under proper and adequate control;

   e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   f.   Violation of the assured clear distance rule;

   g.   Failure to keep a proper lookout;

   h.   Failure to apply brakes earlier to stop the vehicle without causing a motor vehicle collision;

   i.   Being inattentive to his duties as an operator of a motor vehicle;

j.   Disregarding traffic lanes, patterns, and other devices;

k.   Driving at a high rate of speed which was high and dangerous for conditions;

l.   Failing to remain continually alert while operating said vehicle;

m.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n.   Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o.   Failing to exercise ordinary care to avoid a collision;

p.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.   Operating said vehicle with disregard for the rights of Plaintiff, even though she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

r.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s.   Driving too fast for conditions;

t.   Violating the Pennsylvania Vehicle Code;

u.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles

14.   As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function,

permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

15.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

16.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

17.    As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

18.    As a further result of the injuries sustained, plaintiffs have, are presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Ronald Earp v. Coup Brothers Transport
### Negligent Entrustment

20.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

21.    The negligence and/or carelessness of Defendant, Coup Brothers Transport, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

      a.    Permitting Defendant, Mario Vereet, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

      b.    Permitting Mario Vereet, to operate the motor vehicle when Defendant, Coup Brothers Transport, knew, or in the exercise of due care and diligence, should have known that Defendant, Mario Vereet, was capable of committing the acts of negligence set forth above;

      c.    Failing to warn those persons, including the Plaintiff, that Defendant, Coup Brothers Transport, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Mario Vereet's negligent operation of the motor vehicle.

22.    As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries all to Plaintiff's great loss and detriment.

23.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the

future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

25.     As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

26.     As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Ronald Earp v. Coup Brother Transport
### Respondeat Superior

28.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

29.    The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

    a.  Operating his vehicle into Plaintiff's lane of travel;

    b.  Failing to maintain proper distance between vehicles;

    c.  Operating said vehicle without regard for the rights or safety of Plaintiff or others;

    d.  Failing to have said vehicle under proper and adequate control;

    e.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    f.  Violation of the assured clear distance rule;

    g.  Failure to keep a proper lookout;

    h.  Failure to apply brakes earlier to stop the vehicle without causing a motor vehicle collision;

    i.  Being inattentive to his duties as an operator of a motor vehicle;

    j.  Disregarding traffic lanes, patterns, and other devices;

    k.  Driving at a high rate of speed which was high and dangerous for conditions;

    l.  Failing to remain continually alert while operating said vehicle;

    m.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    n.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

q. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

r. Driving too fast for conditions;

s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles;

30.    As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

31.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

33.     As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

34.     As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____

Marc I. Simon, Esquire
Simon & Simon, P.C.
1515 Market Street
Suite 1600
Philadelphia, PA 19102
215-467-4666
*Attorney for Plaintiff*

## <u>VERIFICATION</u>

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____

Marc I. Simon

## VERIFICATION

I,_____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.  I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

x *Ronald Earp*

# EXHIBIT "B"

William E. Remphrey, Jr., Esquire
**wremphrey@margolisedelstein.com**
Identification No.: 74349
MARGOLIS EDELSTEIN
The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304
(215) 922-1100

Attorney for Defendants

RONALD EARP

v.

MARIO VEREET AND COUP BROTHERS
TRANSPORT

COURT OF COMMON PLEAS
DELAWARE COUNTY

NO. 2017-002517

## ENTRY OF APPEARANCE AND JURY TRIAL DEMAND

TO THE PROTHONOTARY:

Please enter our appearance on behalf of Defendants, Mario Vereet and Coup
Brothers Transport in the above captioned case.

Defendants, Mario Vereet and Coup Brothers Transport demand a jury trial in the
above case. Jury of twelve (12) with alternates demanded.

MARGOLIS EDELSTEIN

BY: _____
WILLIAM E. REMPHREY, JR. ESQUIRE

